UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ALPHONSO RAVON MORRISON, a/k/a
Fat Boy, a/k/a Ravon,
            *Defendant-Appellant.*

No. 01-4398

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-99-70)

Submitted: June 4, 2002

Decided: July 16, 2002

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Sean P. Devereux, Asheville, North Carolina, for Appellant. Gretchen
C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alphonso Morrison appeals his conviction and life sentence, imposed after a jury trial for conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Finding no reversible error, we affirm.

Morrison first contends the district court erred in denying his motion for a psychiatric or psychological evaluation and competency hearing pursuant to 18 U.S.C.A. § 4241 (West 2000). Morrison contends the district court abused its discretion in denying his motion by holding him to a higher standard of proof than that required by § 4241. We doubt that the court applied the wrong standard, as it quoted the correct standard in the text of its order. In any event, because Morrison failed to present sufficient evidence of incompetency under the "reasonable cause" standard of § 4241, any supposed error was harmless. *See* Fed. R. Crim. P. 52(a).

Morrison next contends the district court erred in imposing a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A), which provides for a mandatory term of life imprisonment for one who is convicted of an offense involving fifty grams or more of cocaine base or five kilograms or more of cocaine, after having previously been convicted of two or more felony drug offenses. We find Morrison's two prior distribution convictions, arising from acts occurring three weeks apart, although consolidated for sentencing, resulted from two separate episodes of criminal conduct and were properly considered as two separate convictions for sentencing purposes. *See United States v. Ford*, 88 F.3d 1350, 1365-66 (4th Cir. 1996).

Finally, Morrison contends the district court erred in determining his sentencing guidelines range. Specifically, Morrison contests the two-level firearm enhancement, imposed pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1 (2000), for possessing a firearm during a drug offense. We have reviewed the record and find an adequate factual basis to support the enhancement. At any rate, even with the firearm enhancement Morrison's maximum possible guidelines sen-

tence was less than the mandatory minimum sentence to which he was subject under § 841. Thus, the calculation of his guidelines range had no impact on his sentence.

Accordingly, Morrison's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*